# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

RICHARD MOORE,                                                              PETITIONER

V.                                               CIVIL ACTION NO.:  1:13cv130-SA-SAA

CHRISTOPHER EPPS, et al..,                                                  RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner, Richard Moore, proceeding *pro se*, was an inmate in the custody of the Mississippi Department of Corrections ("MDOC") at the time he filed this petition for federal habeas relief pursuant to 28 U.S.C. § 2254. Respondents have filed an answer to the instant petition, and the time has expired for Moore to submit a reply. Having considered the parties' filings and the applicable law, the Court finds that Moore's petition should be dismissed.

### Background and Procedural History

By order filed June 22, 2006, Moore was sentenced to three years in MDOC custody after he was convicted of possession of a firearm by a convicted felon in the Circuit Court of Monroe County in Cause No. CR04-239. (Answer, Ex .A).[1] His sentence was ordered to run consecutively with the seventy-month federal sentence imposed in the United States District Court for the Northern District of Mississippi in Cause No. 1:05CR18 following Moore's conviction for possession of child pornography transported in interstate commerce. (Answer, Exs. A and C).

---

[1] On the same date, Moore entered a plea of guilty to a charge of possession of a stolen firearm in the Circuit Court of Monroe County in Cause No. CR04-242 and was sentenced to a term of five years in MDOC custody, with five years suspended, and he was placed on unsupervised post-release supervision. (Answer, Ex. B).

1

In this petition, Moore does not challenge the merits of his convictions and sentences from the Monroe County Circuit Court, but rather, argues that MDOC held him beyond his tentative discharge date and contrary to the sentencing order. Specifically, he maintains that MDOC incorrectly computed his time for his state sentence in relation to his federal sentences in Cause Nos. 1:05CR18 and 1:06CR95.[2]

Moore filed a complaint with the Administrative Remedy Program ("ARP") challenging MDOC's computation of his time on or about September 13, 2012. (Answer, Ex. E). Therein, Moore argued that he entered MDOC custody on September 14, 2006, and therefore, the maximum discharge date on his three-year sentence should have been June 1, 2009, despite the fact that he was released to federal custody on the same day he originally entered MDOC custody. (*Id.*). Moore argued that his return to MDOC custody on May 30, 2012, should have been simply to process him out of custody and release him. (*Id.*).

The "First Step Response" to Moore's complaint, signed November 16, 2012, stated:

> You were being held in the Lafayette County Jail for U.S. Marshals when you were picked up by Monroe County on 6-21-2006. You were sentenced on 6-22-2006 to serve 3 years in MDOC custody on cause CR04-239 to run consecutively with the Federal. You were returned to U.S. Marshal custody on same day of sentence. Since your sentence is to run consecutive with Federal, it will not start until you have returned to MDOC custody which was 5-30-2012.

(Answer, Ex. F). Moore proceeded to the second step of the ARP process, stating that he wished to appeal because "MDOC did not and has not followed the COURT ORDER of CR04-239,

---

[2] In addition to Moore's seventy-month sentence in Cause No. 1:05CR18, he was sentenced in 1:06CR95 to twelve months and one day in the custody of the U.S. Bureau of Prisons for failure to surrender for service of sentence. (Answer, Ex. D). This sentence was ordered to run consecutively to his sentence in Cause No. 1:05CR18 and consecutively to any other state sentence. (*See id.*).

2

which is very clear that the state sentence run CONSECUTIVE to the Federal Sentence USDC Cause No. 1:05CR18, which ended in May 2011." (Answer, Ex. G). He also argued that MDOC erred by failing to credit him for the time period he was in federal custody after he had completed serving his time on Cause No. 1:05CR18. (*Id.*).

The "Second Step Response" issued on January 30, 2013, and explained Moore's time sheet as follows:

> You were picked up from Lafayette County Jail by Monroe County for sentencing on 6-21-2006. On June 22, 2006 you were sentenced to 3 years in Monroe County and this sentence is to run CS with the Federal. Since the sentence is running CS, your sentence with MDOC won't start until you are released back into their custody which is 5-30-2012. And additional 9 days credit has been applied from 5-21-2012 to 5-30-2012.

(Answer, Ex. H). Moore signed the second step response, acknowledging that he had completed the requirements of ARP and was eligible to seek judicial review within thirty days. (*Id.*). *See also* Miss. Code Ann. § 47-5-807 (allowing an inmate to seek judicial review of the ARP process).

While his ARP was pending, Moore filed a "Petition for Court to Enforce Terms of Sentence with the Mississippi Department of Corrections" in the Monroe County Circuit Court, wherein he argued that MDOC erred in starting his sentence when he was returned to custody in May 2012. (Answer, Ex. I; *see also* Ex. J). Moore argued that, pursuant to the state court judgment, his state sentence was ordered to run consecutively to the federal sentence imposed in Cause No. 1:05CR18, which ended on May 9, 2011. (Answer, Ex. I). He complained that, because his state sentence was to run consecutive to that federal cause number, he should receive credit against his state sentence for the additional twelve months he served in federal custody on the unrelated charge in Cause No. 1:06CR95. (*Id.*).

On March 13, 2013, the trial court continued the matter for ninety days, noting that Moore failed to make a showing that he had exhausted his administrative remedies. (Answer, Ex. K). Moore supplied the appropriate proof, and on July 29, 2013, the trial court entered an order denying Moore's motion to correct sentence. (Answer, Ex. L). In denying the motion, the trial judge stated that he had reviewed Moore's "time sheet and the Administrative Remedy Program Response Form" and found that Moore's sentence "will not expire until on or about May 20, 2015." (*Id*.). Moore filed a "Motion for Reconsideration" from that order on August 15, 2013. (Answer, Ex. M). On March 28, 2014, the circuit court denied Moore's motion for reconsideration. (*See* Supplemental Ex. to Answer, Ex. 1).

In his federal habeas petition, Moore raises the following claims:

Ground One: Being held contrary to court order. Mississippi Case No. CR04-239 was ordered to run consecutively with U.S. District Court No. 1:05CR18. The Federal Sentence with good days ended in May 2011. However, a second federal sentence unknown to the State, U.S.D.C. No. 1:06CR00095-001 came after the state sentence and was ran consecutively with 1:05CR18, causing a one year delay in MDOC being able to "pick me up."

Ground Two: Being held past my tentative discharge date which is now 4-18-2013. Due to the 12 months I served on the "second" unrelated federal sentence 1:06CR00095-001. MDOC could not get me into custody to begin state sentence that ran consecutively to 1:05CR18. MDOC contends that they started my time when they picked me up. However, the state's order is clear, state cause CR04-239 starts when USDC 1:05CR18 ends, hence "consecutive." It does not say "when in custody or picked up."

Ground Three: With earned trusty time I have already served 24 months on a 36 months sentence. I have earned 30 days for each 30 days I have served. "Trusty time" 12 months plus 12 months trusty time equal 24 months. Then the 12 month lapse from the time my federal sentence 1:05CR18 ended

4

|  | with "good days" May 2011 and the time MDOC picked me up is an additional 12 months for a total of over 36 months. Now I'm past my maximum discharge date. |
|---|---|
| Ground Four: | I have been subjected to punishment that was not ordered by the courts. In March of 2013 I was sexually assaulted by the Warden, Brand Huffman and the Chief of Security, Blake Cost took nude pictures of me while I was showering. I filed an Administrative remedy but MDOC refused to offer any assistance whatsoever. |

### Ground Four

In Ground Four, Moore alleges that he is the victim of sexual assault, which is a challenge to the conditions of his confinement. Habeas corpus provides the federal remedy to a state prisoner challenging the fact or duration of his confinement and seeking a speedier release from incarceration. *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, an attack on unconstitutional prison procedures should be pursued in an action under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citation omitted). Because the claim in Ground Four is not a challenge to the fact or duration of Moore's confinement, this claim will be dismissed, as it is improper for federal habeas review.[3]

### Grounds One, Two, and Three

Moore's remaining claims argue that he has been held beyond his release date. Moore was released on Earned Release Supervision ("ERS") on August 17, 2013. (Answer, Ex. N). He was finally discharged on January 28, 2014, due to expiration of sentence. (Answer, Ex. O). To the extent that Moore's grounds are construed as a request to be released from MDOC custody, these claims will be denied as moot.

---

[3] The Court notes that Moore has raised these allegations of sexual assault in a separate § 1983 action. *See Moore v. Epps*, No. 1:13CV94-MPM-JMV (N.D. Miss.).

In the alternative, the Court finds that they claims raised in Grounds One, Two, and Three have never been properly exhausted for purposes of federal habeas review. A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the substance of the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). Moore has never provided the Mississippi Supreme Court with an opportunity to pass upon his claims, and they are, therefore, unexhausted. Moore may seek review in the Mississippi Supreme Court by appealing the trial court's ruling on his motion for reconsideration.

In sum, the Court concludes that Moore's petition should be dismissed, as his federal habeas claims are moot. Alternatively, the Court finds that Moore's federal habeas claims should be dismissed for lack of exhaustion.

## Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts requires this Court to issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. A petitioner must obtain a COA before appealing a district court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which he may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would

6

find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied.

## Conclusion

Moore's federal habeas claims are moot, and he has failed to exhaust his State court remedies with regard to his claims. His petition is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED** this the 29th day of July, 2014.

                                             /s/ Sharion Aycock  
                                             **U.S. DISTRICT JUDGE**